# UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

FILED
U.S. DISTRICT CRT
SAV...

2014 JAN 16  AM II: 23

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| IN RE:  SEARCH WARRANT<br>ISSUED: January 16, 2014<br><br>INFORMATION ASSOCIATED WITH<br>MODELZFAN@YAHOO.COM, THAT IS<br>STORED AT PREMISES CONTROLLED<br>BY YAHOO!, INC. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  4:14 mJ 02 (2)

Sealed No. SO-1553-TSM

## MOTION TO SEAL APPLICATION, SEARCH WARRANT, AND AFFIDAVIT

Now Comes the United States of America, by and through Edward J. Tarver, United States

Attorney for the Southern District of Georgia, and shows:

1.

That on January 16, 2014, this Court issued a Search Warrant based on a written Affidavit

sworn to by Special Agent Peter Amadeo, with the Homeland Security Investigations.

2.

Upon information supplied to the Assistant United States Attorney by Special Agent

Amadeo, it is the belief of said Assistant United States Attorney that there is a continuing

investigation related to the instant offense.

3.

Release of the Application, Search Warrant, and Affidavit at this juncture could seriously prejudice the continuing investigation and would not otherwise be in the best interest of justice.

4.

Wherefore, the government prays for an order sealing the Application, Search Warrant, and Affidavit until further order of this Court.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

T. Shane Mayes
Assistant United States Attorney
Georgia Bar No. 479555

## ORDER

The government's Motion to Seal the Application, Search Warrant, and Affidavit is GRANTED until an indictment arising out of the instant investigation has been returned and unsealed or until further Order of this Court.

This __16th__ day of January, 2014.

HONORABLE G. R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2

FILED
U.S. DISTRICT COURT
SAVANNAH

2014 JAN 16  AM 11: 23

CLERK _____
SO. DIST. OF GA.

**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | |
|---|---|
| IN RE:  SEARCH WARRANT ) | Case No.  4:14 mj 02 (2) |
| ISSUED: January 16, 2014 ) | |
| ) | Sealed No. SO-1553-TSM |
| INFORMATION ASSOCIATED WITH ) | |
| MODELZFAN@YAHOO.COM, THAT IS ) | |
| STORED AT PREMISES CONTROLLED ) | |
| BY YAHOO!, INC. ) | |

## MOTION TO SEAL APPLICATION, SEARCH WARRANT, AND AFFIDAVIT

Now Comes the United States of America, by and through Edward J. Tarver, United States

Attorney for the Southern District of Georgia, and shows:

1.

That on January 16, 2014, this Court issued a Search Warrant based on a written Affidavit

sworn to by Special Agent Peter Amadeo, with the Homeland Security Investigations.

2.

Upon information supplied to the Assistant United States Attorney by Special Agent

Amadeo, it is the belief of said Assistant United States Attorney that there is a continuing

investigation related to the instant offense.

3.

Release of the Application, Search Warrant, and Affidavit at this juncture could seriously prejudice the continuing investigation and would not otherwise be in the best interest of justice.

4.

Wherefore, the government prays for an order sealing the Application, Search Warrant, and Affidavit until further order of this Court.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

T. Shane Mayes
Assistant United States Attorney
Georgia Bar No. 479555

## ORDER

The government's Motion to Seal the Application, Search Warrant, and Affidavit is GRANTED until an indictment arising out of the instant investigation has been returned and unsealed or until further Order of this Court.

This __16th__ day of January, 2014.

HONORABLE G. R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Georgia

In the Matter of the Search of                )
*(Briefly describe the property to be searched*   )
*or identify the person by name and address)*     )        Case No.  4:14 MJ 02 (2)
INFORMATION ASSOCIATED WITH           )
MODELZFAN@YAHOO.COM, THAT IS STORED AT   )
PREMISES CONTROLLED BY YAHOO!, INC.       )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*  INFORMATION ASSOCIATED WITH MODELZFAN@YAHOO.COM, THAT IS STORED AT PREMISES CONTROLLED BY YAHOO!, INC.

located in the _____Northern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized):*
Evidence of a crime, contraband, fruits of a crime and other illegally possessed items (See Attachment B to the supporting affidavit, incorporated herein by this reference.)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A(a)(2) | Distribution and Receipt of Child Pornography |
| 18 U.S.C. 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts:

See accompanying affidavit, incorporated herein by this reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

S.A. Peter Amodeo, Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/16/14

_____
*Judge's signature*

City and state: Savannah, Georgia

Hon. G.R. Smith, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH MODELZFAN@YAHOO.COM, THAT IS STORED AT PREMISES CONTROLLED BY YAHOO!, INC. | Case No.  4:14 MJ 02 (2) <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Peter Amodeo, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for

information associated with a certain account that is stored at premises controlled by Yahoo!,

Inc., an e-mail provider headquartered at 701 First Avenue, Sunnyvale, California 94089.  The

information to be searched is described in the following paragraphs and in Attachment A.  This

affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a),

2703(b)(1)(A) and 2703(c)(1)(A) to require Yahoo!, Inc. to disclose to the government copies of

the information (including the content of communications) further described in Section I of

Attachment B.  Upon receipt of the information described in Section I of Attachment B,

government-authorized persons will review that information to locate the items described in

Section II of Attachment B.

2.      I am a Special Agent with the Homeland Security Investigations (HSI), a division

of Immigration and Customs Enforcement, stationed in Savannah, Georgia, assigned to the

Special Agent in Charge (SAC) Atlanta, Georgia.  I have been employed by HSI for nine years.

During my tenure with HSI, I have participated in criminal investigations involving the unlawful

importation and distribution of visual depictions and related materials involving minors engaged

in sexually explicit conduct (child pornography), as defined in Title 18, United States Code,

Section 2256. I have had the opportunity to observe and review numerous examples of child

pornography in all forms of media, including computer media. I have also participated in the

execution of approximately forty (40) search warrants, of which approximately twenty (20) have

involved child exploitation and/or child pornography offenses.

     3.     This affidavit is intended to show merely that there is sufficient probable cause

for the requested warrant and does not set forth all of my knowledge about this matter.

     4.     Based on my training and experience and the facts as set forth in this affidavit,

there is probable cause to believe that violations of 2252A(a)(2)[1] and 2252A(a)(5)(B)[2] have been

committed by the user(s) of the MODELZFAN@YAHOO.COM email account. There is also

probable cause to search the information described in Attachment A for evidence,

instrumentalities, contraband and fruits of these crimes further described in Attachment B.

---

[1] 18 U.S.C. Section 2252A(a)(2) prohibits knowingly receiving or distributing any child
pornography that has been mailed, or using any means or facility of interstate or foreign
commerce shipped or transported in or affecting interstate or foreign commerce by any means,
including by computer; or any material that contains child pornography that has been mailed, or
using any means or facility of interstate or foreign commerce shipped or transported in or
affecting interstate or foreign commerce by any means, including by computer.

[2] 18 U.S.C. Section 2252A(a)(5)(B) prohibits knowingly possessing, or knowingly accessing
with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other
material that contains an image of child pornography that has been mailed, or shipped or
transported using any means or facility of interstate or foreign commerce or in or affecting
interstate or foreign commerce by any means, including by computer, or that was produced using
materials that have been mailed, or shipped or transported in or affecting interstate or foreign
commerce by any means, including by computer.

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

6.      In approximately September 2013, the HSI Office in St. Louis, Missouri, conducted an investigation of an individual utilizing the email address friendsofset@gmail.com. During their investigation, HSI St. Louis executed a federal search warrant on Google, Inc. for the email content contained within the friendsofset@gmail.com account.  Analysis of this content revealed that friendsofset@gmail.com had exchanged emails containing child pornography with the email address MODELZFAN@YAHOO.COM.

7.      In approximately November 2013, HSI St. Louis executed legal process on Yahoo!, Inc. and received internet protocol (IP) addresses associated with the MODELZFAN@YAHOO.COM account.  The internet service provider for the requested IP addresses was found to be serviced by Frontier Communications.

8.      In approximately December 2013, HSI St. Louis executed legal process on Frontier Communications and in approximately January 2014, received the response indicating that the internet subscriber was Richard B. Johnson, 522 Whistlestop Cir., Statesboro, GA 30461.  This response also indicated that this internet account had been in service since June 10, 2002.

3

9.      On or about January 10, 2014, the affiant received the investigative lead regarding

MODELZFAN@YAHOO.COM from HSI St. Louis. This investigative lead included several

emails exchanged between freindsofset@gmail.com and MODELZFAN@YAHOO.COM

including both text and pictures. The following are examples of the emails exchanged:

> From: jody smith <friendofset@gmail.com>
>
> To: modelzfan@yahoo.com
>
> Sent: Tuesday, September 10, 2013 2:07 PM
>
> Subject: ;)
>
> Figured I better pull that one before they block me. Lol. Hope this gets ya.

This email contained two pictures. The first picture labeled Kayla12.jpg, depicts a prepubescent

female approximately nine (9) to eleven (11) years old lying on her back with her legs spread

apart. The girl is wearing a red and white short sleeved shirt and red shorts. The next picture

labeled Kayla11.jpg depicts a close up picture of a female's vagina being spread apart by a

man's hand; the female is wearing red shorts.

> On Sep 10, 2013 2:08 PM, "John Dobbs" <modelzfan@yahoo.com> wrote:
>
> Looks like the start of an interesting evening.   :)  How far did you go with it and
>
> did she wake up?

> From: jody smith <friendofset@gmail.com>
>
> To: John Dobbs <modelzfan@yahoo.com>

4

Sent: Tuesday, September 10, 2013 4:47 PM

Subject: Re: ;)

She was already awake. Just acting like she's asleep. She spread those little legs like that for me when she felt me playing. I got a good taste but didn't get to crazy that night. :)


On Sep 11, 2013 12:08 PM, "John Dobbs" <modelzfan@yahoo.com> wrote:

That is the fun. Do her and her sister play too?


From: jody smith <friendofset@gmail.com>

To: John Dobbs <modelzfan@yahoo.com>

Sent: Wednesday, September 11, 2013 1:11 PM

Subject: Re: ;)

Yeah. That's how we got started. Came home early and Becky had her finger in kaylas ass hole. They thought they were in trouble. Then I sucked Beckys finger and then luck kaylas ass. Been fun and games ever since.


On Sep 11, 2013 12:52 PM, "John Dobbs" <modelzfan@yahoo.com> wrote:

Excellent! I look forward to further updates on imgsrc. Esp of Kayla.

did she take it well that first time up the butt? or was there squealing and carrying on?


From: jody smith <friendofset@gmail.com>

To: John Dobbs <modelzfan@yahoo.com>

Sent: Wednesday, September 11, 2013 1:59 PM

Subject: Re: ;)

5

She only cries during vaginal. Loves anal play though

On Sep 11, 2013 5:41 PM, "John Dobbs" <modelzfan@yahoo.com> wrote:

oh darn.  You have to limit yourself to her ass.  What a horrible fate.  LOL

10.     I submit there is probable cause, therefore, to believe that the user of MODELZFAN@YAHOO.COM is soliciting child pornography and that evidence of violations of 18 U.S.C. 2252A(a)(2) and 2252A(a)(5)(B) will be found in the email account MODELZFAN@YAHOO.COM.

11.     Your affiant sent a preservation letter to Yahoo, Inc., on or about January 13, 2014, requesting that the content of the MODELZFAN@YAHOO.COM account be preserved for 90 days.  In general, an e-mail that is sent to a Yahoo!, Inc. subscriber is stored in the subscriber's "mail box" on Yahoo!, Inc. servers until the subscriber deletes the e-mail.  If the subscriber does not delete the message, the message can remain on Yahoo!, Inc. servers indefinitely.  Even if the subscriber deletes the e-mail, it may continue to be available on Yahoo!, Inc.'s servers for a certain period of time.

## BACKGROUND CONCERNING E-MAIL

12.     In my training and experience, I have learned that Yahoo!, Inc. provides a variety of on-line services, including electronic mail ("e-mail") access, to the public.  Yahoo!, Inc. allows subscribers to obtain e-mail accounts at the domain names yahoo.com and ymail.com, like the e-mail accounts listed in Attachment A.  Subscribers obtain an account by registering with Yahoo!, Inc.  During the registration process, Yahoo!, Inc. asks subscribers to provide basic personal information.  Therefore, the computers of Yahoo!, Inc. are likely to contain stored

6

electronic communications (including retrieved and unretrieved e-mail for Yahoo!, Inc.
subscribers) and information concerning subscribers and their use of Yahoo!, Inc. services, such
as account access information, e-mail transaction information, and account application
information. In my training and experience, such information may constitute evidence of the
crimes under investigation because the information can be used to identify the account's user or
users.

13.     A Yahoo!, Inc. subscriber can also store with the provider files in addition to e-
mails, such as address books, contact or buddy lists, calendar data, pictures (other than ones
attached to e-mails), and other files, on servers maintained and/or owned by Yahoo!, Inc. In my
training and experience, evidence of who was using an e-mail account may be found in address
books, contact or buddy lists, e-mail in the account, and attachments to e-mails, including
pictures and files.

14.     In my training and experience, e-mail providers generally ask their subscribers to
provide certain personal identifying information when registering for an e-mail account. Such
information can include the subscriber's full name, physical address, telephone numbers and
other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of
payment (including any credit or bank account number). In my training and experience, such
information may constitute evidence of the crimes under investigation because the information
can be used to identify the account's user or users.

15.     In my training and experience, e-mail providers typically retain certain
transactional information about the creation and use of each account on their systems. This
information can include the date on which the account was created, the length of service, records
of log-in (i.e., session) times and durations, the types of service utilized, the status of the account

(including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the e-mail account.

16.     In my training and experience, in some cases, e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

## CONCLUSION

17.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Yahoo!, Inc., who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

## REQUEST FOR SEALING

18.    I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Peter Amodeo
Special Agent
Homeland Security Investigations


Subscribed and sworn to before me on _16th_ of _January_____, 2014.

Hon. G.R. SMITH
UNITED STATES MAGISTRATE JUDGE

9

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with MODELZFAN@YAHOO.COM that is stored at premises controlled by Yahoo!, Inc., a company that accepts service of legal process at 701 First Avenue, Sunnyvale, CA 94089; Fax: 408-439-7941.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Yahoo!, Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession,

custody, or control of the Provider, including any emails, records, files, logs, or information that

has been deleted but is still available to the Provider, or has been preserved pursuant to a request

made under 18 U.S.C. § 2703(f) on November 27, 2013, the Provider is required to disclose the

following information to the government for each account or identifier listed in Attachment A:

a.      The contents of all e-mails associated with the account, including stored or

preserved copies of e-mails sent to and from the account, draft e-mails, the source and

destination addresses associated with each e-mail, the date and time at which each e-mail was

sent, and the size and length of each e-mail;

b.      All records or other information regarding the identification of the account, to

include full name, physical address, telephone numbers and other identifiers, records of session

times and durations, the date on which the account was created, the length of service, the IP

address used to register the account, log-in IP addresses associated with session times and dates,

account status, alternative e-mail addresses provided during registration, methods of connecting,

log files, and means and source of payment (including any credit or bank account number);

c.      The types of service utilized;

d.      All records or other information stored at any time by an individual using the

account, including address books, contact and buddy lists, calendar data, pictures, and files;

1

II.    All records pertaining to communications between the Provider and any person

regarding the account, including contacts with support services and records of actions

taken.

**III.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence

and instrumentalities of violations of 18 U.S.C. Sections 2252A(a)(2) and 2252A(a)(5)(B), those

violations involving MODELZFAN@YAHOO.COM including information pertaining to the

following matters:

1.    Correspondence, records, documents, photographs, videos, electronic
mail, chat logs, address books, contact and buddy lists, and electronic messages that
constitute fruits, contraband, evidence and instrumentalities of violations of Title 18, United
States Code, Sections 2252(d)(1)(A), 2252A(a)(2), and 2252A(a)(5)(B);

2.    Credit card and other financial information including but not limited to
bills and payment records;

3.    Evidence of who used, owned, or controlled each account or identifier listed
on Attachment A and any information about their location;

4.    Evidence of the times each account or identifier listed on Attachment A was
used;

5.    Passwords and encryption keys, and other access information that may be
necessary to access each account or identifier listed on Attachment A and other associated
accounts.

AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Georgia

| | |
|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* **INFORMATION ASSOCIATED WITH MODELZFAN@YAHOO.COM, THAT IS STORED AT PREMISES CONTROLLED BY YAHOO!, INC.** | ) ) ) ) ) ) Case No. 4:14 MJ02 (2) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):* INFORMATION ASSOCIATED WITH MODELZFAN@YAHOO.COM, THAT IS STORED AT PREMISES CONTROLLED BY YAHOO!, INC.

located in the _____ Northern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized):* Evidence of a crime, contraband, fruits of a crime and other illegally possessed items (See Attachment B to the supporting affidavit, incorporated herein by this reference.)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A(a)(2) | Distribution and Receipt of Child Pornography |
| 18 U.S.C. 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts:

See accompanying affidavit, incorporated herein by this reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

S.A. Peter Amodeo, Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/16/14 _____

_____
*Judge's signature*

City and state: Savannah, Georgia _____

Hon. G.R. Smith, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
Southern District of Georgia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH<br>MODELZFAN@YAHOO.COM, THAT IS STORED AT<br>PREMISES CONTROLLED BY YAHOO!, INC. | )<br>)<br>)<br>)<br>)<br>) | Case No.   4:14mJ 02 (2) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:
INFORMATION ASSOCIATED WITH MODELZFAN@YAHOO.COM, THAT IS STORED AT PREMISES CONTROLLED BY YAHOO!, INC.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
Evidence of a crime, contraband, fruits of a crime and other illegally possessed items under 18 U.S.C. 2252A (See Attachment B to the supporting affidavit, incorporated herein by this reference.)

**YOU ARE COMMANDED** to execute this warrant on or before     *Jan. 30, 2014*     *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     _____Hon. G.R. Smith_____ .
                                                                            *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____

Date and time issued:   *1/16/14   10:55 a.m.*                  _____
                                                                            *Judge's signature*

City and state:     Savannah, Georgia                    Hon. G.R. Smith, U.S. Magistrate Judge
                                                                            *Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with MODELZFAN@YAHOO.COM that is stored at premises controlled by Yahoo!, Inc., a company that accepts service of legal process at 701 First Avenue, Sunnyvale, CA 94089; Fax: 408-439-7941.

## ATTACHMENT B

### Particular Things to be Seized

**I.        Information to be disclosed by Yahoo!, Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession,

custody, or control of the Provider, including any emails, records, files, logs, or information that

has been deleted but is still available to the Provider, or has been preserved pursuant to a request

made under 18 U.S.C. § 2703(f) on November 27, 2013, the Provider is required to disclose the

following information to the government for each account or identifier listed in Attachment A:

a.        The contents of all e-mails associated with the account, including stored or

preserved copies of e-mails sent to and from the account, draft e-mails, the source and

destination addresses associated with each e-mail, the date and time at which each e-mail was

sent, and the size and length of each e-mail;

b.        All records or other information regarding the identification of the account, to

include full name, physical address, telephone numbers and other identifiers, records of session

times and durations, the date on which the account was created, the length of service, the IP

address used to register the account, log-in IP addresses associated with session times and dates,

account status, alternative e-mail addresses provided during registration, methods of connecting,

log files, and means and source of payment (including any credit or bank account number);

c.        The types of service utilized;

d.        All records or other information stored at any time by an individual using the

account, including address books, contact and buddy lists, calendar data, pictures, and files;

1

II.     All records pertaining to communications between the Provider and any person

regarding the account, including contacts with support services and records of actions

taken.

III.    **Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence

and instrumentalities of violations of 18 U.S.C. Sections 2252A(a)(2) and 2252A(a)(5)(B), those

violations involving MODELZFAN@YAHOO.COM including information pertaining to the

following matters:

1.     Correspondence, records, documents, photographs, videos, electronic
mail, chat logs, address books, contact and buddy lists, and electronic messages that
constitute fruits, contraband, evidence and instrumentalities of violations of Title 18, United
States Code, Sections 2252(d)(1)(A), 2252A(a)(2), and 2252A(a)(5)(B);

2.     Credit card and other financial information including but not limited to
bills and payment records;

3.     Evidence of who used, owned, or controlled each account or identifier listed
on Attachment A and any information about their location;

4.     Evidence of the times each account or identifier listed on Attachment A was
used;

5.     Passwords and encryption keys, and other access information that may be
necessary to access each account or identifier listed on Attachment A and other associated
accounts.

AO 106 (Rev. 04/10) Application for a Search Warrant
Case 6:14-cr-00006-LGW-GRS   Document 1-1   Filed 04/03/14   Page 23 of 50
Case 4:14-mj-00002-GRS *SEALED*   Document 11   Filed 02/26/14   Page 1 of 1

# UNITED STATES DISTRICT COURT

for the

Southern District of Georgia



In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*
THE BIKE SHOP, 16648 HIGHWAY 67, STATESBORO,
GEORGIA, 30458.

)
)
)
)
)

Case No.  4:14mJ2 (1)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
THE BIKE SHOP, 16648 HIGHWAY 67, STATESBORO, GEORGIA, 30458, more fully described in "Attachment C" to Supporting Affidavit.

located in the _____Southern_____ District of _____Georgia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachments B and C to accompanying affidavit (incorporated herein by this reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251(d)(1)(A) | Advertising to receive or distribute child pornography |
| 18 U.S.C. 2252A(a)(2) | Receipt and distibution of child pornography |
| 18 U.S.C. 2252A(a)(5)(B) | Possession of child pornography |

The application is based on these facts:

See Attached Affidavit (incorporated herein by this reference).

✓ Continued on the attached sheet.

Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Peter Amodeo, SA, Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __2/26/14__

_____
*Judge's signature*

City and state:  Statesboro, Georgia

Honorable G.R. Smith, U.S. Magistrate Court Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | ) ) CASE NO. ) |
| 522 WHISTLESTOP CIRCLE, STATESBORO, GEORGIA 30461, and outbuildings, vehicles and persons located therein or within the curtilage, | ) **FILED UNDER SEAL** ) ) SEAL NUMBER SO-1560-NCG ) ) |
| and | ) ) |
| THE BIKE SHOP, 16648 HIGHWAY 67, STATESBORO, GEORGIA, 30458 | ) ) ) |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Peter Amodeo, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 522 Whistlestop Circle, Statesboro, Georgia 30461, to include any outbuildings and vehicles associated with the premises or people at the premises if located thereon, and any computer devices (including cellular telephones, smart phones, or mobile devices) located on any person located therein, hereinafter "SUBJECT PREMISES A," further described in Attachment A, and The Bike Shop, 16648 Highway 67, Statesboro, Georgia 30458, hereinafter "SUBJECT PREMISES B," further described in Attachment C, for the things described in Attachment B.

2.      Your affiant is a Special Agent with the Homeland Security Investigations (HSI), a division of Immigration and Customs Enforcement, stationed in Savannah, Georgia, assigned

to the Special Agent in Charge (SAC) Atlanta, Georgia. The affiant has been employed by HSI for nine years. During the affiant's tenure with HSI, he has participated in criminal investigations involving the unlawful importation and distribution of visual depictions and related materials involving minors engaged in sexually explicit conduct (child pornography), as defined in Title 18, United States Code, Section 2256. The affiant has had the opportunity to observe and review numerous examples of child pornography in all forms of media, including computer media. The affiant has also participated in the execution of approximately forty (40) search warrants, of which approximately twenty (20) have involved child exploitation and/or child pornography offenses.

3.      The facts in this affidavit come from your affiant's personal observations, training and experience, and information obtained from other law enforcement officers, agents, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of your affiant's knowledge about this matter.

4.      Based on your affiant's training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. Sections 2251(d)(1)(A)[1], 2252A(a)(2)[2], and 2252A(a)(5)(B)[3] have been committed by persons using one or more

---

[1] 18 U.S.C. Section 2251(d)(1)(A) prohibits knowingly making, printing, or publishing, or causes to be made, printed, or published, any notice or advertisement seeking or offering to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

[2] 18 U.S.C. Section 2252A(a)(2) prohibits knowingly receiving or distributing any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means,

2

computers at 522 Whistlestop Circle, Statesboro, Georgia 30461 (SUBJECT PREMISES A) and

The Bike Shop, 16648 Highway 67, Statesboro, Georgia 30458 (SUBJECT PREMISES B).

There is also probable cause to search the places and information described in Attachment A and

Attachment C for evidence of these crimes, for contraband, and for fruits and instrumentalities of

these crimes, as described in Attachment B.

     5.     This affidavit is intended to show only that there is sufficient probable cause for

the requested warrant and does not set forth all of my knowledge about this matter.

**PROBABLE CAUSE**

     6.     In approximately September 2013, the HSI Office in St. Louis, Missouri,

conducted an investigation of an individual utilizing the email address friendsofset@gmail.com.

During their investigation, HSI St. Louis executed a federal search warrant on Google, Inc. for

the email content contained within the friendsofset@gmail.com account.  Analysis of this

content revealed that friendsofset@gmail.com had exchanged emails containing child

pornography with the email address modelzfan@yahoo.com.

---

including by computer; or any material that contains child pornography that has been mailed, or
using any means or facility of interstate or foreign commerce shipped or transported in or
affecting interstate or foreign commerce by any means, including by computer.

[3] 18 U.S.C. Section 2252A(a)(5)(B) prohibits knowingly possessing, or knowingly accessing
with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other
material that contains an image of child pornography that has been mailed, or shipped or
transported using any means or facility of interstate or foreign commerce or in or affecting
interstate or foreign commerce by any means, including by computer, or that was produced using
materials that have been mailed, or shipped or transported in or affecting interstate or foreign
commerce by any means, including by computer.

3

7.      In approximately November 2013, HSI St. Louis executed legal process on Yahoo!, Inc. and received internet protocol (IP) addresses associated with the modelzfan@yahoo.com account. The internet service provider for the requested IP addresses was found to be serviced by Frontier Communications.

8.      In approximately December 2013, HSI St. Louis executed legal process on Frontier Communications and in approximately January 2014, received a response indicating that the internet subscriber was Richard B. Johnson, 522 Whistlestop Cir., Statesboro, GA 30461. This response also indicated that this internet account had been in service since June 10, 2002.

9.      On or about January 10, 2014, the affiant received the investigative lead regarding modelzfan@yahoo.com from HSI St. Louis. This investigative lead included several emails exchanged between freindsofset@gmail.com and modelzfan@yahoo.com including both text and pictures. The following are examples of the emails exchanged

> From: jody smith <friendofset@gmail.com>
> To: modelzfan@yahoo.com
> Sent: Tuesday, September 10, 2013 2:07 PM
> Subject: ;)

Figured I better pull that one before they block me. Lol. Hope this gets ya.

This email contained two pictures. The first picture labeled Kayla12.jpg, can be described as a prepubescent female approximately nine (9) to eleven (11) years old lying on her back with her legs spread apart. The girl is wearing red white short sleeved shirt and red shorts. The next picture labeled Kayla11.jpg can be described as a close up picture of a female's vagina being spread apart by a man's hand in which the female is wearing red shorts.

4

On Sep 10, 2013 2:08 PM, "John Dobbs" <modelzfan@yahoo.com> wrote:

Looks like the start of an interesting evening.   :)  How far did you go with it and did

she wake up?

From: jody smith <friendofset@gmail.com>
To: John Dobbs <modelzfan@yahoo.com>
Sent: Tuesday, September 10, 2013 4:47 PM
Subject: Re: ;)

She was already awake. Just acting like she's asleep. She spread those little legs like that

for me when she felt me playing. I got a good taste but didn't get to crazy that night. :)

On Sep 11, 2013 12:08 PM, "John Dobbs" <modelzfan@yahoo.com> wrote:

That is the fun.  Do her and her sister play too?

From: jody smith <friendofset@gmail.com>
To: John Dobbs <modelzfan@yahoo.com>
Sent: Wednesday, September 11, 2013 1:11 PM
Subject: Re: ;)

Yeah. That's how we got started. Came home early and Becky had her finger in kaylas

ass hole. They thought they were in trouble. Then I sucked Beckys finger and then luck

kaylas ass. Been fun and games ever since.

On Sep 11, 2013 12:52 PM, "John Dobbs" <modelzfan@yahoo.com> wrote:

Excellent!  I look forward to further updates on imgsrc.  Esp of Kayla.

did she take it well that first time up the butt?  or was there squealing and carrying on?

5

---

From: jody smith <friendofset@gmail.com>
To: John Dobbs <modelzfan@yahoo.com>
Sent: Wednesday, September 11, 2013 1:59 PM
Subject: Re: ;)

She only cries during vaginal. Loves anal play though

---

On Sep 11, 2013 5:41 PM, "John Dobbs" <modelzfan@yahoo.com> wrote:

oh darn.  You have to limit yourself to her ass.  What a horrible fate.  LOL

10.     Based upon the aforementioned information, a federal search warrant was issued
and subsequently executed on Yahoo!, Inc. for the information associated with the
modelzfan@yahoo.com email account.  Analysis of this account revealed the presence of the
aforementioned emails exchanged between friendsofset@gmail.com and modelzfan@yahoo.com
and the aforementioned exchanged pictures.  This information also included additional IP
addresses and associated dates and times that the modelzfan@yahoo.com account was accessed.

11.     In January 2014, HSI Savannah executed legal process on Frontier
Communications for additional IP addresses associated with the modelzfan@yahoo.com account.
Frontier Communications indicated that the modelzfan@yahoo.com account had been accessed
from at least two different places with the following subscribers:

a.   Richard B. Johnson, 522 Whistlestop Cir., Statesboro, GA 30461

(SUBJECT PREMISES A)

b.   The Bike Shop, 16648 Highway 67, Statesboro, GA 30458

(SUBJECT PREMISES B)

6

12.     Research conducted in the Consolidated Lead Evaluation and Reporting

(CLEAR) database revealed that individuals named Richard Johnson and Janet Johnson were

associated with 522 Whistlestop Circle, Statesboro, GA 30461.  In addition, an individual named

Stuart Johnson, with date of birth May 21, 1962, was associated with 522 Whistlestop Circle,

Statesboro, GA 30461.  This database also associated Stuart Johnson with the address 2995 Twin

Forks Road, Statesboro, GA 30461.

13.     A query of the sex offender registry on the Georgia Bureau of Investigation

website indicated that Stuart Powell Johnson, with Year of Birth 1962, was a registered sex

offender in the State of Georgia and was listed at the 2995 Twin Forks Road, Statesboro, GA

30461 address.

14.     Further review of the modelzfan@yahoo.com account revealed that internet

service at The Bike Shop was frequently used to access the email account from July 2013 to

November 1, 2013.  However, after November 1, 2013, The Bike Shop internet service was no

longer used by modelzfan@yahoo.com.

15.     Employment information obtained from the Georgia Department of Labor

(GADOL) indicated that Stuart Johnson was employed at The Bike Shop, 16648 Highway 67,

Statesboro, GA 30458.  Furthermore, the GADOL indicated that Stuart Johnson filed an

unemployment claim on or about November 16, 2013.

16.     Research of the internet website Facebook revealed the profile of Stuart Johnson

of Statesboro, Georgia with a picture appearing to match Stuart Johnson's sex offender registry

photo.  Analysis of this Facebook account indicated that Richard Johnson was the father of Stuart

Johnson.

17.     Further analysis of Stuart Johnson's Facebook account revealed an album entitled "Saber in the Surf VIII" which was uploaded on or about August 1, 2012.  Included in the album was a picture of Stuart Johnson.

18.     Further review of the modelzfan@yahoo.com account indicated that the modelzfan@yahoo.com account user was receiving comments to picture albums located on an image hosting website.  Research of this image hosting website revealed an account with the username "modelzfan" with the associated email address "modelzfan@yahoo.com".  Further review of this account revealed a picture album entitled "Beach Trip" which contained pictures uploaded on August 3, 2012.

19.     Pictures from of this "Beach Trip" album on the image hosting website were compared with Stuart Johnson's Facebook "Saber in the Surf VIII" album.  The comparison revealed that in both albums, at least three individuals appeared to be the same persons wearing the same clothing in the same setting (at a beach).  For example, a picture in the "Beach Trip" album entitled "11.jpg" depicts a prepubescent female with red hair wearing a floral two piece bathing suit wading in water at a beach.  In Stuart Johnson's "Saber in the Surf VIII" album, picture "12 of 40" and "16 of 40" appear to depict this same prepubescent female in the "Beach Trip" album, which can be described as a prepubescent female with red hair wearing the same floral two piece bathing suit wading in water at a beach.

20.     On or about February 10, 2014, HSI Special Agents conducted surveillance and observed Stuart Johnson enter the residence at 522 Whistlestop Circle, Statesboro, Georgia 30461.

21.     Given the foregoing information, I believe that Stuart Powell Johnson, of

8

Statesboro, Georgia, is the user of the email account modelzfan@yahoo.com and has used one or more computers at SUBJECT PREMISES A to solicit and/or receive child pornography. I submit there is probable cause, therefore, to believe evidence of violations 18 U.S.C. Sections 2252(d)(1)(A), 2252A(a)(2), and 2252A(a)(5)(B) will be found at 522 Whistlestop Circle, Statesboro, Georgia 30461, to include computer media and mobile devices located within SUBJECT PREMISES A.

22.     Furthermore, I believe that Stuart Powell Johnson worked at SUBJECT PREMISES B from July 2013 to November 2013, and has used one or more computers at SUBJECT PREMISES B to access the modelzfan@yahoo.com account and solicit and/or receive child pornography. I submit there is probable cause, therefore, to believe evidence of violations 18 U.S.C. Sections 2252(d)(1)(A), 2252A(a)(2), and 2252A(a)(5)(B) will be found at The Bike Shop, 16648 Highway 67, Statesboro, Georgia 30458, to include computer media and mobile devices located within the SUBJECT PREMISES B that are affiliated with the business, or would have been present between July 2013 and November 2013.

## TECHNICAL TERMS

23.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a. IP Address: The Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and

directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

b. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c. Storage medium: A storage medium is any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

## COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

23.   As described above and in Attachment B, this application seeks permission to search for records that might be found on SUBJECT PREMISES A and/or SUBJECT PREMISES B, in whatever form they are found. One form in which the records might be found at the SUBJECT PREMISES is data stored on a computer's hard drive or other storage media, which at SUBJECT PREMISES A would necessarily include mobile devices such as iPads, iPods, smart phones, cellular phones, and the like. At SUBJECT PREMISES B it would only include computers located at the premises which were in use between July and November 2013.

10

Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, as outlined, all under Rule 41(e)(2)(B).

24.    *Probable cause.*  I submit that if a computer or storage medium is found on SUBJECT PREMISES A and/or  SUBJECT PREMISIS B, there is probable cause to believe those records will be stored on that computer or storage medium, for at least the following reasons:

   a.  Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost.  Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

   b.  Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.  In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

   c.  Wholly apart from user-generated files, computer storage media—in

11

particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d.  Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

25.    *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only computer files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how computers were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence will be on any storage medium in SUBJECT PREMISES A and/or  SUBJECT PREMISES B because:

a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs

store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created, although this information can later be falsified.

b. Forensic evidence on a computer or storage medium can also indicate who has used or controlled the computer or storage medium. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, registry information, configuration files, user profiles, e-mail, e-mail address books, "chat," instant messaging logs, photographs, the presence or absence of malware, and correspondence (and the data associated with the foregoing, such as file creation and last-accessed dates) may be evidence of who used or controlled the computer or storage medium at a relevant time.

c. A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact files, blocks, registry entries, logs, or

other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

f.  I know that when an individual uses a computer to create, receive, or distribute images of children engaged in sexually explicit conduct, the individual's computer will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The computer is an instrumentality of the crime because it is used as a means of committing the criminal offense. The computer is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that a computer used to commit a crime of this

14

> type may contain: data that is evidence of how the computer was used;
> data that was sent or received; notes as to how the criminal conduct was
> achieved; records of Internet discussions about the crime; and other
> records that indicate the nature of the offense.

26.    *Necessity of seizing or copying entire computers or storage media.*  In most cases,
a thorough search of a premise for information that might be stored on storage media often
requires the seizure of the physical storage media and later off-site review consistent with the
warrant. In lieu of removing storage media from the premises, it is sometimes possible to make
an image copy of storage media.  Generally speaking, imaging is the taking of a complete
electronic picture of the computer's data, including all hidden sectors and deleted files.  Either
seizure or imaging is often necessary to ensure the accuracy and completeness of data recorded
on the storage media, and to prevent the loss of the data either from accidental or intentional
destruction.  This is true because of the following:

> a. The time required for an examination. As noted above, not all evidence
> takes the form of documents and files that can be easily viewed on site.
> Analyzing evidence of how a computer has been used, what it has been
> used for, and who has used it requires considerable time, and taking that
> much time on premises could be unreasonable. As explained above,
> because the warrant calls for forensic electronic evidence, it is exceedingly
> likely that it will be necessary to thoroughly examine storage media to
> obtain evidence.  Storage media can store a large volume of information.
> Reviewing that information for things described in the warrant can take

15

weeks or months, depending on the volume of data stored, and would be impractical and invasive to attempt on-site.

b.  Technical requirements.  Computers can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations.  Therefore, searching them sometimes requires tools or knowledge that might not be present on the search site. The vast array of computer hardware and software available makes it difficult to know before a search what tools or knowledge will be required to analyze the system and its data on the Premises.  However, taking the storage media off-site and reviewing it in a controlled environment will allow its examination with the proper tools and knowledge.

c.  Variety of forms of electronic media.  Records sought under this warrant could be stored in a variety of storage media formats that may require off-site reviewing with specialized forensic tools.

27.  *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying storage media that reasonably appear to contain some or all of the evidence described in the warrant, and would authorize a later review of the media or information consistent with the warrant.  The later review may require techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

28.  Because several people share SUBJECT PREMISES A as a residence and

16

SUBJECT PREMISES B is a business, it is possible that SUBJECT PREMISES A and/or

SUBJECT PREMISES B will contain storage media that are predominantly used, and perhaps

owned, by persons who are not suspected of a crime. If it is nonetheless determined that it is

possible that the things described in this warrant could be found on any of those computers or

storage media, the warrant applied for would permit the seizure and review of those items as

well.

## FORFEITURE

29.     This application requests the issuance of a warrant under 18 U.S.C. § 2253(a)(3),

and 21 U.S.C. § 853(f), which allows for the forfeiture of any property, real or personal, used or

intended to be used to commit or to promote the commission of violations of 18 U.S.C.

§ 2252A, or any property traceable to such property. This is appropriate because: (1) there is

probable cause to believe that the property to be seized would, in the event of conviction, be

subject to forfeiture, and (2) an order under 21 U.S.C. § 853(e) may not be sufficient to assure

the availability of the property for forfeiture. There is probable cause to believe that the property

to be seized would, in the event of conviction, be subject to forfeiture, because 18 U.S.C.

§ 2253(a)(3) provides that the defendant's "interest in any personal property that was used or

intended to be used to commit or to promote the commission of such offense" shall be forfeited

to the United States.

## CONCLUSION

30.     I submit that this affidavit supports probable cause for a warrant to search the

SUBJECT PREMISES A as described in Attachment A and SUBJECT PREMISES B as

described in Attachment C to seize the items described in Attachment B.

17

## REQUEST FOR SEALING

31.     It is respectfully requested that this Court issue an order sealing, until further

order of the Court, all papers submitted in support of this application, including the application

and search warrant.  Based upon my training and experience, I have learned that online criminals

actively search for criminal affidavits and search warrants via the Internet and disseminate them

to other online criminals as they deem appropriate, i.e., post them publicly online through the

carding forums.  Premature disclosure of the contents of this affidavit and related documents

may have a significant and negative impact on the continuing investigation and may severely

jeopardize its effectiveness.

Respectfully submitted,

Peter Amodeo
Special Agent
Homeland Security Investigations (HSI)

Subscribed and sworn to before me
On ___26th___ day of February, 2014.

Hon. G.R. Smith
United States Magistrate Judge
Southern District of Georgia

18

## ATTACHMENT A

*Property to be searched*

The property to be searched is 522 Whistlestop Circle, Statesboro, Georgia 30461, to include any outbuildings and vehicles associated with the premises or people at the premises if located thereon, and any computer devices (including cellular telephones, smart phones, or mobile devices) located on any person located therein.

The premises of 522 Whistlestop Circle, Statesboro, Georgia 30461 is further described as single story ranch style home with greyish horizontal siding with dark trim and a grey asphalt shingle roof. Facing the residence from the street, there is a driveway on the right side of the property leading to a two-car attached garage on the side of the house. At the end of the driveway near the street there is a mailbox displaying the number 522.

## ATTACHMENT B

### *Property to be seized*

1.　　All records, information, and objects relating to violations of 18 U.S.C. Sections 2252(d)(1)(A), 2252A(a)(2), and 2252A(a)(5)(B), including:

　　a.　All visual depictions, including still images, videos, films or other recordings of child pornography or minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256;

　　b.　Any mechanism used for the creation, distribution, receipt or storage of the information or items described in paragraph a, above; as well as any and all documents, records, chat logs, emails, communications, images, and internet history (in documentary or electronic form) pertaining to the attempted use or enticement of one or more minors.  This includes, but is not limited to:

　　　　Any cameras, cell phones, smart phones, mobile devices, smart televisions, computers, computer system and related peripherals including and data processing devices and software (including but not limited to central processing units; internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, routers, computer compact disks, CD-ROMS, DVD, and other memory storage devices); peripheral input/output devices (including but not limited to keyboards, printer, video display monitors, scanners, digital cameras, and related communications devices such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to

19

computer hardware (including but not limited to physical keys and locks);

c. Routers, modems, and network equipment used to connect computers to the Internet;

d. Any and all computer passwords, encryption keys, and other data security devices designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code;

e. Any and all records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider, as well as any and all records relating to the ownership or use of computer equipment or others items found in the SUBJECT PREMISES A and/or SUBJECT PREMISES B;

f. Evidence of who used, owned, or controlled any cameras, cell phones, smart phones, smart televisions, computers, or computer systems at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

g. Evidence of software that would allow others to control any cameras, cell phones, smart phones, smart televisions, computers, or computer systems, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

20

h.  Evidence of the lack of such malicious software;

i.  Evidence of the attachment to any cameras, cell phones, smart phones, smart televisions, computers, or computer systems of other storage devices or similar containers for electronic evidence;

j.  Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the cameras, cell phones, smart phones, smart televisions, computers, or computer systems;

k.  evidence of the times the cameras, cell phones, smart phones, smart televisions, computers, or computer systems were used;

l.  Documentation and manuals that may be necessary to access the cameras, cell phones, smart phones, smart televisions, computers, or computer systems or to conduct a forensic examination of the same;

m. Contextual information necessary to understand the evidence described in this attachment;

n.  Documents and records regarding the ownership and/or possession of the searched premises;

o.  During the course of the search, photographs of the searched premises may also be taken to record the condition thereof and/or the location of items therein;

p.  Records and information relating to the e-mail account modelzfan@yahoo.com, and any other Stuart-Johnson related email accounts.

q.  Records and information relating to the identity or location of the suspects.

21

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

## ATTACHMENT C

*Property to be searched*

The property to be searched is The Bike Shop, 16648 Highway 67, Statesboro, Georgia

30458 and any computer devices located therein that are affiliated with the business, or would

have been present between July 2013 and November 2013, and accessible by employees.

The premises of The Bike Shop, 16648 Highway 67, Statesboro, Georgia 30458 is further

described, when facing the building from Highway 67, the business located on the right side of a

commercial building.  The exterior can be described as the approximate top third has maroon

colored vertical metal siding, the approximate middle third is cream colored metal vertical

siding, and the approximate bottom third is red brick.  On the single glass entrance door to the

premises are the words "the Bike Shop".

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Georgia



| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) |
| THE BIKE SHOP, 16648 HIGHWAY 67, STATESBORO, | ) |
| GEORGIA, 30458. | ) |
| | ) |

Case No. 4:14mJ2 (1)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
THE BIKE SHOP, 16648 HIGHWAY 67, STATESBORO, GEORGIA, 30458, more fully described in "Attachment C" to Supporting Affidavit.

located in the _____Southern_____ District of _____Georgia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachments B and C to accompanying affidavit (incorporated herein by this reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 2251(d)(1)(A) | Advertising to receive or distribute child pornography |
| 18 U.S.C. 2252A(a)(2) | Receipt and distibution of child pornography |
| 18 U.S.C. 2252A(a)(5)(B) | Possession of child pornography |

The application is based on these facts:

See Attached Affidavit (incorporated herein by this reference).

✓ Continued on the attached sheet.

Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Peter Amodeo, SA, Homeland Security Investigations
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __2/26/14__

_____
*Judge's signature*

City and state: __Statesboro, Georgia__

Honorable G.R. Smith, U.S. Magistrate Court Judge
_____
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Georgia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE BIKE SHOP, 16648 HIGHWAY 67, STATESBORO,<br>GEORGIA, 30458 | )<br>)<br>)  Case No. 4:14 mJ 2 (1)<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____Southern_____ District of _____Georgia_____
*(identify the person or describe the property to be searched and give its location):*

THE BIKE SHOP, 16648 HIGHWAY 67, STATESBORO, GEORGIA, 30458, more fully described in Attachment C to
supporting affidavit.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized):*

Evidence of a crime, contraband, fruits of a crime and other illegally possessed items (See Attachments B and C to the
supporting affidavit, incorporated herein by this reference.)

**YOU ARE COMMANDED** to execute this warrant on or before ___March 12, 2014___ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to _____HONORABLE G.R. SMITH_____.
                                                                          *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   ___2/26/14___                    ___M. Smith___
                                                              *Judge's signature*

City and state:   ___Savanna, Georgia___                 G.R. SMITH, U.S. MAGISTRATE JUDGE
                                                              *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>4:14mJ 15 (1) | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*