|          | visual depiction, the production of which utilized a minor engaging in sexually explicit conduct and such visual depiction is of such conduct; and |
|----------|---|
| **Third:** | That such notice or advertisement was transported using a means or facility of interstate or foreign commerce or in or affecting interstate commerce by some means including by computer. |

## TERMS OF PLEA AGREEMENT:

- Defendant will plead guilty to Count 3 of the Indictment.

- Defendant agrees to pay the full amount of restitution caused by Defendant's total criminal conduct, which is not limited to the specific counts to which Defendant is pleading guilty.

- Defendant agrees to abandon any interest in the computers and electronic media that was seized from him and from his vehicle during the course of the investigation.

- Defendant waives his right to appeal on any ground, with only three exceptions: he may appeal his sentence if (1) that sentence exceeds the statutory maximum, (2) that sentence exceeds the advisory Guidelines range determined by this Court at sentencing, or (3) the government appeals. By signing the plea agreement, Defendant explicitly instructs his attorney not to file an appeal unless one of the three exceptions is met.

- Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

- Defendant waives all rights to request information about the investigation and prosecution of his case under the Freedom of Information Act or the Privacy Act.

- Defendant waives the protections of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If he fails to plead guilty, or later withdraws his guilty plea, all statements made by him in connection with that plea, and any leads derived therefrom, shall be admissible for any and all purposes.

- Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Independent of supervised release, he will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout his life.

- At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

- The government will not object to a recommendation by the U.S. Probation Office that Defendant receive an appropriate reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

- If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. CR 614-006 |
| | ) |
| STUART POWELL JOHNSON, | ) |
| | ) |
| Defendant. | ) |

### PLEA AGREEMENT

Defendant Stuart Powell Johnson, represented by his counsel Michael J. Classens, and the United States of America, represented by Assistant United States Attorney Nancy C. Greenwood, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count Three of the Indictment, which charges a violation of 18 U.S.C. § 2251(d)(1)(A), Notice to Receive Child Pornography.

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Count Three are (1) that the Defendant knowingly made, printed, published, or caused to be made, printed, or published, a notice or advertisement; and (2) the notice or advertisement sought or offered to receive any visual depiction, the production of which utilized a minor engaging in sexually explicit conduct and such visual depiction is of such conduct; and (3) that such notice or advertisement was transported using a means

or facility of interstate or foreign commerce or in or affecting interstate commerce by some means including by computer.

Defendant agrees that he is, in fact, guilty of that offense. He agrees to the accuracy of the following facts, which satisfy the offense's required elements:

Between on or September 14, and September 15, 2013, in Bulloch County and elsewhere, within the Southern District of Georgia, the defendant, STUART POWELL JOHNSON, did knowingly make and publish a notice seeking to receive one or more visual depictions the production of which involved the use of a minor engaging in sexually explicit conduct, and which depiction was of such conduct, then knowing that such notice would be transported using a means or facility of interstate or foreign commerce, and transported in or affecting interstate or foreign commerce by some means, including by a computer, and such notice was in fact transported using a means and facility of interstate or foreign commerce, and was transported in and affecting interstate or foreign commerce; all in violation of Title 18, United States Code, Section 2251(d)(1)(A).

3.    Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible penalties for each count: Not less than 15 nor more than 30 years imprisonment, at least 5 years' supervised release, a $250,000 fine, and such restitution as may be ordered by the Court. Defendant's guilty plea will subject him to a mandatory minimum penalty of 15 years' imprisonment. The Court additionally is obliged to impose a $100 special assessment.

4.  <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range.  The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else.  The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.  <u>Court's Use of Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence.  The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest.  The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.  <u>Agreements Regarding Sentencing Guidelines</u>

   a.  <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines.  If the U.S. Probation Office makes that recommendation, and Defendant's offense level is

16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

      b.    <u>Use of Information</u>

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

7.    <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific count to which Defendant is pleading guilty, or to the offense conduct charged in the indictment. Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the restitution. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

8.    <u>Abandonment of Property Seized</u>

The defendant agrees to abandon any interest in the computers and electronic media that was seized from him and from his vehicle during the course of the investigation.

9.  Dismissal of Other Counts

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant, however, conduct underlying those counts may be used to determine the appropriate sentencing guideline range in this case.

10. Waivers

   a.  Waiver of Appeal

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground.  The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence.  Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

   b.  Waiver of Collateral Attack

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

   c.  FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under

the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11.    <u>Required Financial Disclosure</u>

Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

12.    <u>Sex Offender Registration</u>

Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Independent of supervised release, he will be subject to federal and state sex

offender registration requirements. Those requirements may apply throughout his life.

13. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

14. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented his faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

15. <u>Breach of Plea Agreement</u>

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that

might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

16. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

EDWARD J. TARVER
UNITED STATES ATTORNEY

6/9/14
Date

Nancy C. Greenwood
Georgia Bar No. 309179
Assistant United States Attorney

Brian T. Rafferty
Chief, Criminal Division

Date

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

6/2/14
Date

_____
Stuart Powell Johnson, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with her. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

6/2/14
Date

_____
Michael J. Classens, Defendant's Attorney

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. CR 614-006 |
| | ) |
| STUART POWELL JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This __16__ day of __June__ 2014.

_____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA